## HILL v. THE STATE.

1. PRACTICE IN CIRCUIT COURT: *Suspending trial for further evidence.*

   The suspension of a trial after it has commenced, to enable a party to get further testimony, is within the sound discretion of the Circuit Court.

2. EVIDENCE: *What sufficient proof of sale of liquor.*

   If one goes into a dram shop and calls for a pint of whisky, and it is drawn and delivered to him by the keeper, this is evidence tending to prove a sale of the whisky, though it is proven that no money was paid, nor any directions given to the keeper to charge it.

3. LIQUOR: *Sale of to minors.*

   The permission or order of a parent or guardian of a minor to sell liquor to him must be in writing.

APPEAL from *Johnson* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

### STATEMENT.

At the October term, 1880, of Johnson Circuit Court, John Hill was indicted for selling whisky to Henry Yates, a minor, without the written consent of his parent or guardian.

Upon the trial Thomas L. Yates, the brother of Henry, testified that he went with Henry into defendant's saloon, at Coal Hill, in Johnson County, in the winter or spring of 1880, and Henry called for a pint of whisky, which the defendant drew and delivered to him, and he and Henry then left. Henry was between eighteen and nineteen years of age. He didn't see Henry pay for it, nor hear him tell the defendant to charge it to him. He called for the whisky just as others did, and the defendant drew it and delivered it to him.

E. L. Yates, the father of Henry, testified that he signed a written instrument authorizing the defendant to sell whisky to his son Henry, but it was, as he remembered, after the sale, and after the indictment had been found. It was gotten up and signed to protect the defendant, and to save the witness from personal attendance at court. It was dated of a date before the sale. He had before the sale given the defendant verbal authority to sell liquor to his son. He identified the order as follows:

COAL HILL, April 3d, 1880.

JOHN HILL:

Sir—You are at liberty to sell my son Henry all the whisky that he wants, with the understanding that I am not held for the pay.                    E. L. YATES.

On motion of the State, the testimony of the verbal authority to sell the liquor was excluded.

At the conclusion of this testimony, the Court, upon application of the State, and against the defendant's objections, then continued the case to the next day, to enable the State to procure further testimony of the sale.

On the following day neither party offered any further testimony.

The Court gave for the State, against the defendant's objections, the following instructions:

" *First.* The law prohibits the sale of ardent liquors to a minor without the written consent or order of the parent or guardian of the minor, and if you believe, from all the facts and circumstances of this case, as shown by the testimony, that the defendant, at any time within one year next before the finding of this indictment, sold any quantity of whisky to Henry Yates, without the written permission of his parent or guardian, and that said Henry Yates was at that time a minor, you will find the defendant guilty, and assess

his fine at not less than fifty nor more than one hundred dollars.

" *Second.* Verbal permission of the parent or guardian to sell will not protect the defendant. It must be in writing, and must have been given before the sale. A written permission after the sale will not protect the seller.

" *Third.* If you find from the evidence that the defendant kept liquor for sale at his house, kept for such business, and that Henry Yates called for liquor at such place or house, and it was drawn and delivered to him by the defendant, these facts are evidence of the sale of the liquor to him.

" *Fourth.* The State is required to prove all the material allegations in the indictment, and to establish the defendant's guilt by competent testimony, and beyond a reasonable doubt."

The defendant asked the following instructions :

1. "The court instructs the jury that it devolves upon the State to establish, by competent and sufficient proof. every material allegation in the indictment, and if it fail to establish the same, you must acquit the defendant."

2. "The court instructs the jury that the allegation in the indictment that the defendant sold the whisky to one Henry Yates is a material allegation, and it devolves upon the State to prove the sale *by competent proof, and establish the same beyond a reasonable doubt.* The defendant is not required by law to introduce any proof until the State makes out a *prima facie* case against him. The finding of the indictment raises no presumption of the defendant's guilt."

3. "If the jury believe, from the evidence, that the defendant sold liquor to said Henry Yates, but that he did so by the permission and authority of the father of said Henry Yates, then they must acquit the defendant."

4. "If the jury believe, from the evidence, that the defendant sold the liquor to Henry Yates, a minor, but that he did so with the verbal authority and consent of said minor's father, and that said father afterwards put his authority and consent in writing, then they must find for the defendant."

The court gave the first instruction, refused the third and fourth, and modified the second by striking out the words in italics; and to the refusal and modification the defendant excepted.

The jury found the defendant guilty and fined him fifty dollars, and he has properly brought the case here, by appeal.

*C. B. Moore, Attorney General*, for the State:

Defendant was bound to *know* of Yates' minority, and sold at his peril. He was liable under the statute, whether the whisky "was sold" or "given away,"

Evidence of the verbal authority to sell was properly rejected—the law requires it to be in writing.

### OPINION.

HARRISON, J. We can see no reasonable ground for the objection that the trial was for a time suspended by the court. Such suspension was within its sound discretion. *Johnson* v. *The State*, 32 *Ark.*, 309.

The evidence of the father's verbal consent to the sale of the liquor to the minor was properly excluded from the jury. His consent, to have been a justification to the defendant, should have been in writing, as required by the statute.

The third instruction given for the State was not as clear, perhaps, as it might have been, as, if standing alone, the jury might have understood from it that the facts mentioned

in it were conclusive evidence of. the sale ; but its language was equally susceptible of the meaning and correct proposition, that they but tended to prove the sale, or that it might be inferred from them ; and, taken in connection with the fifth, there is no room for the supposition that the jury were mistaken by it. The other instructions for the State were unobjectionable.

The third and fourth instructions asked by the defendant, being in palpable contradiction to the statute, were, of course properly refused ; and the court did not err in its modification of the second, having already given instructions of similar import to it as framed ; besides, the jury not being the judges of the competency of the evidence, might have been misled by it.

The evidence fully sustained the verdict.

Affirmed.